IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

QUEEN NAJA, *et al.*,
    *Pro se* Plaintiffs,

v.                                                     Civil Action Nos. 3:21cv361,
                                                             3:21cv547; 3:21cv586, 3:21cv588,
                                                             3:21cv601 and 3:21cv644 (DJN)

NAJA TALIBAH ZAHIR, *et al.*,
    Defendants.

**<u>MEMORANDUM OPINION</u>**
**(Consolidating Actions, Dismissing Cases, Granting Leave**
**to Proceed *in Forma Pauperis* and Denying Pending Motions)**

This matter comes before the Court on several of *pro se* Plaintiff Queen Naja's ("Naja") and *pro se* Plaintiff Natalia Dominique Ince's ("Ince") (collectively, "Plaintiffs") Complaints and proposed Complaints for Civil Action, moving for revocation and liquidation of the Naja Talibah Zahir Social Security and Cestui Que Trusts ("the Zahir trusts") (Zahir Am. Compl. at 1 (ECF No. 1-1, *Naja v. Zahir et al.*, 3:21cv361)), the Natalia Dominque Ince Social Security and Cestui Que Trusts ("the Ince Trusts") (Ince Compl. at 1 (ECF No. 1-1, *Ince v. Ince*, 3:21cv586)), the Herbert Walker Peters Social Security and Cestui Que Trusts ("the Herbert Peters trusts") (Herbert Peters Compl. at 1 (ECF No. 2, *Naja v. Peters et al.*, 3:21cv588)), the Loyd Marie Walker Peters Social Security and Cestui Que Trusts ("the Loyd Peters trusts") (Loyd Peters Compl. at 1 (ECF No. 2, *Naja v. Peters et al.*, 3:21cv601)), the Khelifa N. Ahmed Social Security and Cestui Que Trusts ("the Ahmed trusts") (Ahmed Compl. at 1 (ECF No. 1-1, *Naja v. Ahmed et al.*, 3:21cv644)) and the Social Security and Cestui Que Trusts of "all parties" in

1

*Hogan* ("the Hogan parties trusts") (Hogan Third Am. Compl. at 5–6 (ECF No. 101, *Zahir v. Hogan et al.*, 3:21cv547)) (collectively, "Defendants").[1]

For the reasons set forth below, the Court hereby CONSOLIDATES these cases into a single action, DISMISSES WITHOUT PREJUDICE the Complaints in these cases and DENIES AS MOOT all other pending Motions in these cases.[2] The Court further ADMONISHES Plaintiffs for their frivolous litigation conduct and ADVISES them that if they continue to abuse the judicial process in the manner described set forth below, they may be subject to sanctions, including a pre-filing injunction. Finally, the Court GRANTS any of Plaintiffs' pending Motions for Leave to Proceed *in forma pauperis* ("IFP"), because Plaintiffs are qualified to proceed IFP.

## I. BACKGROUND

### A. The Complaints

This case comprises six similar actions that have been filed in this Court since June 2021. *See Zahir v. Hogan et al.*, No. 3:21cv547 (E.D. Va., transferred from E.D. Pa. August 25, 2021) [hereinafter *Hogan*]; *Naja v. Zahir et al.*, No. 3:21cv361 (E.D. Va., transferred from E.D. Pa. June 7, 2021) [hereinafter *Zahir*]; *Ince v. Ince*, No. 3:21cv586 (E.D. Va., filed September 9,

---

[1] "All parties" in *Hogan* includes (1) Maryland Governor Lawrence Hogan Jr., (2) Virginia Governor Ralph Northam, (3) James Mountcastle of the Anne Arundel County Police Department, (4) Anne Leitess, State's Attorney for Anne Arundel County, Maryland, (5) Thomas Moorehead, owner of Sterling Motorcars, (6) Michael Chapman of the Loudoun County, Virginia Sheriff's Office, (7) Dorian Lambert of the Loudoun County, Virginia Sheriff's Office, (8) Aisha Braveboy, State's Attorney for Prince George's County, Maryland, (9) Officer Derreck Claget of the Bowie, Maryland Police Department, (10) Buta Biberaj of the Loudoun County, Virginia Sheriff's Office, and (11) Naja Talibah Zahir, as both Plaintiff and Defendant. (Hogan Third Am. Compl. at 1.)

[2] "Because a § 1915 [(e)(2)(B)] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It could however, have a *res judicata* effect on frivolous determinations for future *in forma pauperis* petitions." *Denton*, 504 U.S. at 33.

2

2021); *Naja v. Peters et al.*, No. 3:21cv588 (E.D. Va., filed Sept. 10, 2021) [hereinafter *Peters* (3:21cv588)]; *Naja v. Peters et al.*, No. 3:21cv601 (E.D. Va., filed Sept. 17, 2021) [hereinafter *Peters* (3:21cv601)]; *Naja v. Ahmed et al.*, 3:21cv644 (E.D. Va., filed October 7, 2021). In each of these six cases, the plaintiff resides at exactly the same address and filed Complaints and Attachments that make virtually identical claims. In fact, it appears to the Court that Naja, Zahir and Ince are members of the same family, if not the same person. In an action that she filed in 2020, Ince states that Queen Naja is her mother. (Emergency Bill of Compl. at 2 (ECF No. 1, *Ince v. Northam et al.*, 3:21cv362).) Further, while *Zahir* was pending in the Eastern District of Pennsylvania, Zahir filed a "Petition for Name Change," in which she moved to change "Natalia Dominique Ince's" name to "natalia dominique (*sic*)." (Am. Pet. for Name Change (ECF No. 25, *Zahir*, 3:21cv361).) For these reasons, the Court will consolidate these cases into one action.

In each of the Complaints listed above, Naja or Ince move the Court to liquidate the beneficial interest in Social Security Trust and Cestui Que Trust Accounts associated with the name of the defendant or defendants. In both *Peters* cases (3:21cv588; 3:21cv601), Naja attaches the death certificates for Herbert Peters and Loyd Peters to her Complaints. (Herbert Peters Compl. at 2; Loyd Peters Certificate of Assignment and Attach. ("Loyd Peters Cert.") at 4 (ECF No. 1-10, *Peters* (3:21cv601)).) Both certificates state that Herbert and Loyd Peters died in Petersburg, Virginia. (Herbert Peters Compl. at 13; Loyd Peters Cert. at 4.) In *Zahir*, Naja separately filed Renata Winifred Ince's birth certificate (Zahir Certificate of Live Birth ("Zahir Cert.") (ECF No. 108-1, *Zahir*, 3:21cv361)), which states that Renata Winifred Ince was born in Petersburg, Virginia. (Zahir Cert. at 4.) Likewise, in *Ince*, Ince attached the birth certificate for Natalia Dominique Ince, which also reflects that Natalia Dominque Ince was born in Petersburg, Virginia, and that Renata Winifred Ince is her mother. (Ince Compl. at 1, 18.)

In *Ince*, *Zahir*, *Hogan* and both *Peters* cases, Plaintiffs assert that Naja serves as the trustee of the Queens Equity Private Trust ("QEPT"), and that she assigned her interest in the Herbert Peters, Loyd Peters and Zahir trusts to the QEPT. (Ince Compl. at 3–4; Zahir Am. Compl. at 3, 5; Hogan Third Am. Compl. at 6; Herbert Peters Compl. ¶ 2; Loyd Peters Compl. at 3-4.) They attached to their Complaints or filed a document in which Naja purports to assign her interest in the Trusts to the Queen's Equity Private Trust. (Zahir Cert. of Assignment of Equitable Interest in Secs. (ECF No. 99-2, *Zahir*, 3:21cv361); Hogan Cert. of Assignment of Equitable Interest in Secs. (ECF No. 103-1, *Hogan*, 3:21cv547); Herbert Peters Compl. at 13; Loyd Peters Cert. at 1-3.) Ince also claims that she assigned her interest in the Ince trusts to the QEPT. (Ince Compl. at 15.) Plaintiffs argue that the trustees of these trusts failed to notify the original beneficiary of these trusts of their existence.[3] (Zahir Am. Compl. at 2; Ince Compl. at 2; Herbert Peters Compl. at 2; Loyd Compl. at 2.) Plaintiffs also claim that the trusts' trustees did not make adequate disclosures to "the Beneficiary of the Trust" — presumably, either Plaintiffs or the QEPT — and that the beneficiary could not access its interest in the trusts. (Zahir Am. Compl. at 2; Ince Compl. at 2; Herbert Peters Compl. at 2; Loyd Peters Compl. at 2.)

In these cases, Plaintiffs assert that the creator and trustees of the trusts "have abandoned their fiduciary duties and made themselves unknown and unavailable." (Zahir Am. Compl. at 2; Ince Compl. at 2; Herbert Peters Compl. at 2; Loyd Peters Compl. at 2.) Plaintiffs bring these claims under Virginia Code Ann. § 64.2-775, which provides in relevant part that "[a] trustee shall keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests." (Zahir Am.

---

[3] In *Hogan*, Plaintiff departs from *Ince*, *Zahir*, and both *Peters* cases at this point, pursuing a different theory to liquidate the defendants' trusts, as discussed in detail below. (Hogan Third Am. Compl. at 2.)

4

Compl. at 2 (quoting § 64.2-775); Ince Compl. at 2 (same); Herbert Peters Compl. at 2 (same); Loyd Peters Compl. at 2 (same).)

Plaintiffs ask the Court to determine the identity of the trustees of the trusts, why the trustees did not provide full disclosure to the beneficiary, and how best to "revoke[] and liquidate[]" these trusts. (Zahir Am. Compl. at 3; Ince Compl. at 3; Herbert Peters Compl. at 3; Loyd Peters Compl. at 3.) They also ask that a judge serving on the U.S. District Court for the Eastern District of Virginia serve as the "Trust Protector" with power of attorney to administer the trusts and revoke and liquidate these trusts. (Zahir Am. Compl. ¶ 1; Ince Compl. ¶ 1; Herbert Peters Compl. ¶ 1; Loyd Peters Compl. ¶ 1.) They also ask the Court to "accept[] for value any and all invoices, promissory notes, bills and charges discovered and presented to the Court" and demands an accounting of the trusts, as well as a "custodial account" to hold the liquidated assets of the trusts. (Zahir Am. Compl. ¶¶ 3, 5-6; Ince Compl. ¶¶ 3, 5-6; Herbert Peters Compl. ¶¶ 3, 5-6; Loyd Peters Compl. ¶¶ 3, 5-6.) They also ask the Court to provide them with an account and debit card for food, clothing and other expenses for "the beneficiaries." (Zahir Am. Compl. ¶ 7; Ince Compl. ¶¶ 7; Herbert Peters Compl. ¶¶ 7; Loyd Peters Compl. ¶¶ 7.) Plaintiffs invoke the Court's *in rem* jurisdiction in these cases. ((Zahir Am. Compl. ¶ 1; Ince Compl. ¶ 1; Herbert Peters Compl. ¶ 1; Loyd Peters Compl. ¶ 1.)

In *Ahmed* and *Hogan*, rather than asserting a fiduciary duty claim under Virginia law, Plaintiffs seek to liquidate the trusts of the named defendants, because they caused personal injury to Plaintiff. In *Ahmed*, Naja claims to be the trustee for the "Marcel Gershom Ince Trust." (Ahmed Compl. at 1.) She alleges that Khelifa Ahmed ("Ahmed") struck Marcel Gershom Ince's car then fled the scene in Laurel, Maryland. (Ahmed Compl. at 2.) In this case, Naja

requests that the Court appoint a trustee for the Ahmed trusts and liquidate these trusts. (Ahmed Compl. at 3-4.)

In *Hogan*, Naja sues eleven defendants, mostly Maryland and Virginia state officials, who "trespassed . . . with insufficient and bogus charges and abducted" her for 102 days. (Hogan Third Am. Compl. at 2.) Naja alleges that, on November 19, 2019, the Loudon County Sheriff's Department, "by and through . . . a [BMW] dealership used to orchestrate and [sic] abduction operation," abducted and detained her for fifty-one days. (Hogan Third Am. Compl. at 2.) During that time, Loudon Sheriffs "tied Queen Naja up in chains and under coercion and duress commanded Queen Naja to sign unlawful financial documents." (Hogan Third Am. Compl. at 3.) Furthermore, Naja alleges she "was then undressed and placed in a cold temperature room with bright light beaming down for three (3) continuous days . . . causing severe anxiety, high blood pressure and trauma to the heart organ." (Hogan Third Am. Compl. at 3.) After the prosecutor *nolle prossed* the unnamed underlying charges, officials transferred Naja to Maryland on "duplicate claims." (Hogan Third Am. Compl. at 3-4.) Like in *Ahmed*, Naja requests that the Court appoint a trustee for the Hogan parties trusts and liquidate these trusts. (Hogan Third Am. Compl. at 5-6.)

B. **Procedural History**

In *Zahir* and *Hogan*, the Court received Naja's cases as transferred in from the Eastern District of Pennsylvania on June 7, 2021 and August 25, 2021, respectively. (ECF No. 87, *Zahir*, 3:21cv361; ECF No. 100, *Hogan*, 3:21cv547.) In *Zahir*, upon review of the relevant pleadings and Naja's original Complaint (ECF No. 1, *Zahir*, 3:21cv361), the Court found they did not satisfy Federal Rule of Civil Procedure 8 and ordered (ECF No. 92, *Zahir*, 3:21cv361) Plaintiff to file an amended complaint. On August 31, 2021, Plaintiff filed her Amended

6

Complaint. (ECF No. 97, *Zahir*, 3:21cv361.) In *Hogan*, Naja filed her third Amended Complaint on August 31, 2021 (ECF No. 101, *Hogan*, 3:21cv547), and a Motion for Acceptance of Certificate on September 29, 2021 (ECF No. 103, *Hogan*, 3:21cv547.)

Naja has also filed numerous motions in *Naja v. Zahir*. These motions include, *inter alia*, a motion to join a related case (ECF No. 85, *Zahir*, 3:21cv361) that was later dismissed *sua sponte* for failure to state a claim and lack of subject matter jurisdiction (Order at 2-3, July 27, 2021, *Ince v. Northam et al.*, No. 3:21cv362 (ECF No. 35)); a motion to strike the Court's order requiring an amended complaint (ECF No. 95, *Zahir*, 3:21cv361); a "motion to strike motion to strike" (ECF No. 98, *Zahir*, 3:21cv361); two motions for mandamus orders related to the QEPT (ECF Nos. 101-02, *Zahir*, 3:21cv361); and an "Order to the Court" directing the Court to convert all beneficial interests to thirty-year U.S. Treasury Bonds (ECF No. 103, *Zahir*, 3:21cv361.)

In *Ince* and *Peters* (3:21cv588), Naja and Ince filed their Motions to Proceed *in forma pauperis* and Complaints on September 9, 2021. (ECF No. 1, *Ince*, 3:21cv586; ECF No. 1-2, *Peters*, 3:21cv588.) The Court provisionally granted Naja and Ince IFP status on September 13, 2021, on the condition that they submit the Ghostwriting Form as required by Local Rule 83.1(M), stating that they did not receive assistance in preparing their Complaint. (Order at 1-2 (ECF No. 2, *Ince*, 3:21cv586); Order at 1-2 (ECF No. 3, *Peters*, 3:21cv588).) Naja and Ince filed "Letters of Acceptance," to ask the Court to convert the liquidated assets of the Peters Trusts as thirty-year U.S. Treasury Bonds and make all interest payable to Royal Thrift LLC. (ECF No. 3, *Ince*, 3:21cv586; ECF No. 4, *Peters*, 3:21cv588.) They also filed their Ghostwriting Forms. (ECF No. 4, *Ince*, 3:21cv586; ECF No. 5, *Peters*, 3:21cv588.) In *Ince*, Ince filed a Motion for Acceptance of Live Birth Record. (ECF No. 4, *Ince*, 3:21cv586.)

Additionally, in *Peters* (No. 3:21cv601) and *Ahmed*, Naja filed her Motion for Leave to Proceed IFP and proposed Complaint on September 17, 2021 and October 7, 2021, respectively. (ECF No. 1, *Peters*, 3:21cv601; ECF No. 1, *Ahmed*, 3:21cv644.) *Ahmed* was originally assigned to Hon. M. Hannah Lauck, who transferred this case to the undersigned for consolidation with the other suits listed above. Naja also filed an Affidavit in Support of Claim and Motion in *Ahmed*. (ECF No. 2, *Ahmed*, 3:21cv644.)

## II. FRIVOLITY REVIEW

### A. Standard of Review

Congress enacted the federal *in forma pauperis* statute, in part, not only to help indigent litigants have meaningful access to the federal courts, but also to help district courts avoid the burden of baseless litigation, the cost of which the public bears.[4] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Per that statute, district courts have the authority to review and dismiss a complaint prior to filing or any time thereafter. *See* 28 U.S.C. § 1915(e)(2) (giving the court authority to "dismiss the case at any time"); *Neitzke*, 490 U.S. at 324 (stating that courts often dismiss cases under § 1915 "*sua sponte* . . . to spare prospective defendants the inconvenience and expense of answering complaints"). Indeed, the statute mandates that the court "shall dismiss the case at any time" if it makes a determination that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>     (i) is frivolous or malicious;

---

[4] Plaintiffs proceed *in forma pauperis* in each case except *Zahir* and *Hogan*. While 28 U.S.C. § 1915(e)(2) does not apply to these two cases, the analysis below applies with equal measure because the Court may raise subject matter jurisdiction *sua sponte* in any case. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.") (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

8

>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Of course, the Court affords *pro se* complaints a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (citing *Hemphill v. Melton*, 551 F.2d 589, 590–91 (4th Cir. 1977)). However, the Court need not attempt "to discern the unexpressed interest of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990) (affirming dismissal of certain claims brought by *pro se* plaintiff despite liberal construction). As the Fourth Circuit explained, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Even with this liberal construction, the Court finds that it must dismiss Plaintiffs' Complaints.

**B.   Analysis**

The Court cannot discern whether it has jurisdiction over the instant cases, nor does it have to. "A patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke*, 490 U.S. at 327 n.6. Even if a court possesses subject matter jurisdiction over a claim, they "are without power to entertain [such] claims . . . if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536 (2001) (quoting *Newburyport Water Co. v. City of Newburyport*, 193 U.S. 561, 579 (1904)). Because the Court lacks jurisdiction to decide "an

9

obviously frivolous complaint," it will dismiss Plaintiff's complaint before service of process. *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (per curiam).

Although their complaints do not explicitly say so, Plaintiffs' assertions bear the hallmarks of the so-called "sovereign citizen" movement. *See Westfall v. Davis*, 2018 WL 2422058, at *3 (N.D. Tex. May 4, 2018) (identifying characteristics of *pro se* plaintiff's complaint typical of the sovereign citizen theory and dismissing for frivolity), *report and recommendation adopted,* 2018 WL 2414794 (N.D. Tex. May 29, 2018). The sovereign citizen movement comprises a loosely connected group of individuals who reside in the United States but reject the authority of the U.S. government and file suits to "avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (citing example cases).

In short, the sovereign citizen theory alleges that a corporation controlling the U.S. government went bankrupt and pledged U.S. residents and their property as collateral for loans from international bankers. *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007), *aff'd,* 282 F. App'x 260 (4th Cir. 2008); Ashley Powers, *How Sovereign Citizens Helped Swindle $1 Billion from the Government They Disavow*, N.Y. Times (Mar. 29, 2018).[5] Unbeknownst to most of the populace, government documents such as birth certificates and Social Security cards serve as fraudulent contracts that force Americans into citizenship at birth. *Bryant*, 524 F. Supp. 2d at 758. To hide its alleged wrongdoing, the federal government holds the profits that it gains from citizens and their property in secret trust accounts for each person. *Id.* Some sovereign citizens term these trusts "Cestui Que Trusts." *See Cargill v. Ivey*, 2021 WL

---

[5] Available at https://www.nytimes.com/2019/03/29/business/sovereign-citizens-financial-crime.html.

10

1085306, at *2–3 (N.D. Ala. Feb. 23, 2021) (rejecting claim by a self-declared "sovereign American National" to the benefits of a Cestui Que Trust under the "Cestui Que Vie Act of 1666"), *report and recommendation adopted*, 2021 WL 1056603 (N.D. Ala. Mar. 18, 2021). Sovereign citizens seek to gain access to their secret trust accounts and discharge the debts that they contend the federal government owes them by filing lawsuits. *Id.*

Here, Plaintiffs' complaints in *Zahir*, *Hogan*, *Ince* and both *Peters* cases claim that Plaintiff serves as the trustee of the QEPT and assigned her interest in the various fictitious trusts to the QEPT. (Zahir Am. Compl. ¶ 2; Hogan Third Am. Compl. at 6; Ince Compl. ¶ 2; Herbert Peters Compl. ¶ 2; Loyd Peters Compl. ¶ 2.) Like some sovereign citizens, Plaintiffs assert their statuses as beneficiaries of cestui que trusts. (Zahir Am. Compl. ¶ 1; Hogan Third Am. Compl. at 2; Ince Compl. ¶ 1; Herbert Peters Compl. ¶ 1; Loyd Peters Compl. ¶ 1; *see also* Ahmed Compl. at 2-4 (asserting claims about cestui que trusts).) Further, consistent with the sovereign citizen theory, Plaintiffs assert that the trustees of these trusts did not notify them or the other beneficiaries about the existence of these trusts, and she asks the Court to liquidate them. (Zahir Am. Compl. at 2-3; Ince Compl. at 2-3; Herbert Peters Compl. at 2-3; Loyd Peters Compl. at 2-3.) Ironically, they ask that a U.S. district court judge — a public servant in a government that sovereign citizens do not recognize — to serve as their "Trust Protector." (Zahir Am. Compl. ¶ 1; Hogan Third Am. Compl. at 5; Ince Compl. ¶ 1; Herbert Peters Compl. ¶ 1; Loyd Peters Compl. ¶ 1.)

An action "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A legally frivolous action derives from an "indisputably meritless legal theory" and alleges "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327. An action lacks a factual basis when the Plaintiff makes "fanciful," "fantastic," "delusional,"

11

"irrational," or "wholly incredible" allegations. *Denton v. Hernandez*, 504 U.S. 25, 25 (1992); *Neitzke*, 490 U.S. at 325, 328.

To reduce the expenditure of judicial resources on meritless litigation, the IFP statute "accords judges not only the authority to dismiss a claim based on [legally frivolous theories] but also the unusual power to pierce the veil of the complaint's factual allegations" and dismiss factually baseless claims. *Neitzke*, 490 U.S. at 327. Courts routinely dismiss sovereign citizen suits for frivolity. *See, e.g., Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (finding that sovereign citizen "was lucky to be spared sanctions" for filing a suit devoid of any merit); *Miller v. Walton*, 2014 WL 1672546 at *1 (S.D. Ill. Apr. 28, 2014) (dismissing alleged sovereign citizen's pleadings as "clearly frivolous"); *Rufus v. Soc. Sec.*, 2013 WL 1945031, at *2-4 (D.S.C. Jan. 2, 2013) (dismissing *pro se* sovereign citizen complaint challenging mandatory participation in Social Security), *report and recommendation adopted*, 2013 WL 1944993 (D.S.C. May 8, 2013)). The Court finds that Plaintiffs' complaints are "so attenuated and unsubstantial as to be absolutely devoid of merit," and therefore, dismisses them for lack of subject matter jurisdiction before service of process. *Hagans*, 415 U.S. at 536 (collecting cases); *Gaskins v. South Carolina*, 2015 WL 6464440, at *1–2 (D.S.C. Oct. 26, 2015) (finding that *pro se* sovereign citizen's claims lacked any merit and dismissing for lack of jurisdiction).[6]

---

[6] It appears that Naja filed *Ahmed* in the wrong venue. In *Ahmed*, Naja claims that the Khelifa Ahmed crashed into a car owned by "the Marcel Gershom Ince Trust" in Laurel, Maryland, on September 25, 2012. (Ahmed Compl. at 2.) The police arrived on scene that day, and on October 2, 2021, the vehicle was towed to an autobody shop for a damage assessment. (Ahmed Compl. at 2.) The Complaint does not state whether the autobody shop was located in Maryland or elsewhere. (Ahmed Compl. at 2.) A plaintiff may bring an action in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

12

### III. *CROMER* WARNING REGARDING SANCTIONS FOR LITIGATION CONDUCT

Finally, in light of the multiple, frivolous suits at issue here, the Court admonishes Plaintiffs for their litigation conduct. The Court possesses the discretion to issue a pre-filing injunction for Naja and Ince in this consolidated action and any related actions that would limit their ability to file any pleadings in the instant actions or any related cases. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (permitting pre-filing injunctions, among other sanctions, against vexation and repetitious litigants). However, the Court bears in mind that "[a pre-filing injunction constitutes] a drastic remedy must be used sparingly . . . consistent with constitutional guarantees of due process of law and access to the Courts." *Id.* (citing U.S. Const. amend. XIV, § 1). Consequently, "a judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial

---

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). Because this case is frivolous, transfer to the District of Maryland would be pointless. *See Hurt v. United States*, 2020 WL 422079, at *3 (D. Mo. July 23, 2020) (dismissing *pro se* action for improper venue and frivolity). However, it appears that the Court cannot dismiss or transfer for improper venue *sua sponte*. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer *sua sponte*. If the matter is raised *sua sponte*, the parties deserve an opportunity to be heard before a decision is rendered." (citation omitted)). Nevertheless, given the frivolity of Naja's claims in *Ahmed*, the Court will still dismiss the action for its lack of merit. *See Washington v. Obama*, 2012 WL 4321326, at n.1 (W.D.N.C. Sept. 20, 2012) (noting improper venue in *pro se* case while dismissing for lack of merit).

process by filing meritless and repetitive actions." *Id.* at 817-18 (citation and internal quotation marks omitted).

For these reasons, the Court warns Plaintiffs that if they file any additional complaints, pleadings, document or the like regarding the revocation and liquidation of "cestui que" or "Social Security trusts" like the ones at issue here, they will face sanctions, including, but not limited to, a pre-filing injunction. *See Miles v. Angelone*, 483 F. Supp. 2d 491, 493 (4th Cir. 2007), *dismissing appeal*, 238 Fed. App. 978 (4th Cir. 2007), *denying cert.*, 552 U.S. 1092 (2008) (issuing pre-filing injunction against habeas petitioner who filed sixteen meritless motions for reconsideration over a five-year period after the court had advised the petitioner numerous times to cease this behavior).[7]

### III. CONCLUSION

For the reasons stated above, the Court CONSOLIDATES *Naja v. Zahir* (3:21cv361), *Zahir v. Hogan* (3:21cv547), *Ince v. Ince* (3:21cv586), *Naja v. Peters* (3:21cv588), *Naja v. Peters* (3:21cv601) and *Naja v. Ahmed* (3:21cv644). Further, it DISMISSES WITHOUT PREJUDICE the Complaints and DENIES AS MOOT all pending Motions in the instant actions. The Court further ADMONISHES Plaintiffs for their frivolous litigation conduct and ADVISES them that if they continue to abuse the judicial process in the manner described above, they may be subject to sanctions, including a pre-filing injunction. Further, the Court GRANTS any and all of Plaintiffs' pending Motions for Leave to Proceed IFP, because Plaintiffs are qualified to proceed IFP.

---

[7] The injunction would not inhibit Plaintiffs from initiating any non-frivolous complaints, or litigating or filing documents in any pending unrelated cases in federal or state court. *See Miles*, 483 F. Supp. 2d at 496 (limiting scope of pre-filing injunctions to case before the court and related cases).

Additionally, the Court certifies that an appeal *in forma pauperis* would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Court hereby notifies Plaintiffs that should they wish to appeal this Memorandum Order, written notice of the appeal must be filed within thirty (30) days of entry hereof. Failure to file a notice of appeal within the stated period may result in the loss of the right to appeal.

An appropriate Order shall issue.

These cases are now CLOSED.

Let the Clerk file a copy of this Memorandum Opinion electronically, notify all counsel of record and forward a copy to Plaintiffs, who are proceeding *pro se*, at their addresses of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: November 16, 2021